UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH STARKEY<br><br>      Plaintiff,<br><br>      v.<br><br>GAP ADVENTURES, INC.<br><br>      Defendant. | 12 Civ. 07837<br><br>**OPINION** |

  Plaintiff Elizabeth Starkey brings this civil action against Gap Adventures, alleging that she was sexually assaulted by her tour guide while vacationing in the Galapagos Islands. Starkey claims that Gap Adventures, Inc., the company that organized the vacation, is liable in damages.

  Gap Adventures moves to dismiss the complaint on the basis that Starkey has filed suit in the wrong forum. Gap Adventures claims that when she purchased her ticket for the Galapagos tour, Starkey agreed to a forum-selection clause requiring her to litigate any claims resulting from the trip in Canada.

  The motion to dismiss is granted.

**Background**

On September 6, 2011, Starkey, a New York resident, purchased a ticket for a nine-day tour of the Galapagos Islands provided by Gap Adventures. The trip—"Galapagos on a Shoestring"—was scheduled for October 2011 and cost $5,000. Gap Adventures is a travel company that offers tours throughout the world.

After she purchased her ticket, Starkey received a confirmation email, confirmation invoice, and service voucher from Gap Adventures. These three communications stated that in purchasing her ticket, Starkey read, understood, and agreed to the contract's "Terms and Conditions." Each communication included a hyperlink that Starkey could click on to review the "Terms and Conditions" of the contract on a separate webpage.

Specifically, the confirmation email advised that "all Gap Adventures passengers must read, understand and agree to the following terms and conditions" and then provided a link that Starkey could click on to review the "Terms and Conditions." Additionally, both the confirmation invoice and the service voucher included the following language: "Confirmation of your reservation means that you have already read, agreed to and understood the terms and conditions, however, you can access them through the below link if you need to refer to them for any reason." The invoice and voucher also included a link that would direct Starkey to the "Terms and Conditions."

At the beginning of the "Terms and Conditions" of the contract, Gap Adventures advised the purchaser to read the terms carefully because the

purchaser will be bound by all of the terms.  For the purposes of this litigation, the most relevant provision is paragraph 32, entitled "Applicable Law."  In this section, Gap Adventures explains that the "Terms and Conditions and Conditions of Carriage including all matters arising from it are subject to Ontario and Canadian Law and the exclusive jurisdiction of the Ontario and Canadian Courts."

Starkey acknowledges that she received the three communications from Gap Adventures and that each communication contained a hyperlink to the "Terms and Conditions" of the contract.  Despite the language in the confirmation email, confirmation invoice, and service voucher, advising her that she would be bound by the "Terms and Conditions" of the contract, Starkey chose not to click on any of the hyperlinks or review the "Terms and Conditions" of her contract with Gap Adventures.

On October 20, 2011, Starkey flew to Quito, Ecuador, to join her tour group of 10 travelers.  Gap Adventures had entered into an agreement with Galakiwi, a local Ecuadorian tour company, to lead and operate the trip.  Daniel Doe (last name unknown) led the trip for Galakawi.

Starkey claims that on October 26, 2011, Daniel sexually assaulted her in the early evening hours.  The claimed assault took place in a cabin on one of the islands in the Galapagos, when Starkey felt sea sick and tired one night and decided to go to sleep early.  The rest of the group members and Daniel were nearby having dinner and consuming alcohol.  During the course of the

night, on two separate occasions, Starkey claims that Daniel entered her bed and touched her without consent, and then massaged her back, lifted up her skirt, and at one point, put his hand in her underwear and touched her buttocks.  Starkey feared that Daniel would become violent and hurt her.  Starkey managed to escape each encounter.

Upon returning to New York, Starkey wrote a letter documenting her experience to Gap Adventures.  As a result of the sexual assault, Starkey has been undergoing psychological therapy.

## Discussion

**Procedural Posture**

Starkey filed suit on October 19, 2012.  In her complaint, Starkey alleges that Gap Adventures was negligent in hiring and training Daniel and is liable under the tort laws of both the United States and Canada.  Starkey requests one million dollars in compensatory damages plus attorneys' fees.

Gap Adventures filed an answer and a third-party complaint against Galakiwi and Daniel Doe on December 14, 2012, requesting contribution or indemnification.  Gap Adventures then filed a motion to dismiss Starkey's complaint on July 5, 2013.

While Gap Adventures has titled its present motion as a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), the court will treat the motion as a motion for judgment on the pleadings pursuant to Rule

4

12(c) since Gap Adventures has answered.  See McKenize v. O'Gara, 289 F. Supp. 2d 389, 390-391 (S.D.N.Y. 2003).

**Forum-Selection Clause**

The central issue in this case is whether Starkey is bound by the forum-selection clause in her contract with Gap Adventures and must file the present suit in Canada.  "The legal effect of a forum-selection clause depends in the first instance upon whether its existence was reasonably communicated to the plaintiff."  Nettie Effron v. Sun Line Cruises, Inc., 67 F.3d 7, 9 (2d. Cir. 1995).

Starkey argues that Gap Adventures did not reasonably communicate the "Term and Conditions."  Starkey contends that there is no legal precedent to support the proposition that a hyperlink is a reasonable form of communicating the "Terms and Conditions" of a contract.  Instead, Starkey argues that Gap Adventures should have included the text of the "Terms and Conditions" in the body of the three relevant communications—the confirmation email, the confirmation invoice, and the service voucher.

However, this court has already decided that a hyperlink is a reasonable form of communicating the "Terms and Conditions" of a contract.  See Fteja v. Facebook, Inc., 841 F. Supp. 2d 829, 839 (S.D.N.Y. 2012).  In Facebook, this court held that when a corporation provides a consumer with the opportunity to review the "Terms and Conditions" of a contract via a hyperlink and the consumer elects not to review the "Terms and Conditions," the court will find

the consumer to be bound by all of the "Terms and Conditions," including a forum-selection clause. Id.

In this case, Starkey acknowledges that she received the confirmation email, confirmation invoice, and service voucher.  These three communications stated that in purchasing her ticket, Starkey read, understood, and agreed to the "Terms and Conditions" of her contract with Gap Adventures.  Each communication provided a link that Starkey could click on to review the "Terms and Conditions."  However, Starkey chose not to click on any of the links and review the contract.

**Enforceability of Forum-Selection Clause**

In evaluating the enforceability of a forum-selection clause, courts must also consider questions of fundamental fairness—namely, whether the defendant corporation secured the consumer's agreement by fraud or overreaching, or if the defendant selected the designated forum to discourage litigation. See Sun Line Cruises, Inc., 67 F.3d at 9-10.  "To prevail on fundamental unfairness grounds, Plaintiff must show that the application of the foreign law presents a danger that [it] will be deprived of *any* remedy or treated unfairly." Jalee Consulting Group, Inc. v. XenoOne, Inc., 908 F.Supp. 2d 387, 397 (S.D.N.Y. 2012).

Starkey presents two challenges to the enforceability of the forum-selection clause in her contract with Gap Adventures: (1) it would be

6

inconvenient for her file to suit in Canada and (2) she may be time-barred by the relevant Canadian statute of limitations from filing suit in Ontario.  The court finds neither argument to be persuasive.

Starkey emphasizes that both she and her therapist live in New York and that it would be costly and inconvenient for them to travel to Canada for trial.  On the other hand, Starkey notes that Gap Adventures is an international corporation with significant resources that could easily litigate in New York.

However, "Second Circuit case law is clear that mere difficulty and inconvenience is insufficient to establish the unreasonableness of enforcing a forum-selection clause." XenoOne, Inc., 908 F. Supp. 2d at 396.  "In recent years, the courts of this Circuit have emphasized that a forum is not necessarily inconvenient because of its distance from pertinent parties or places if it is readily accessible in a few hours of air travel." Sun Line Cruises, Inc., 67 F.3d at 10.  Thus, the court finds that the inconvenience that Starkey alleges—namely, traveling to Canada—does not rise to the level of fundamental unfairness necessary to invalidate the forum-selection clause.

As a final argument, Starkey contends that this court should not dismiss her complaint because she may be time-barred from re-filing suit in Canada.  Therefore, according to Starkey, a dismissal would be fundamentally unfair because it could leave her without a remedy for her injury.

However, in bringing suit in New York rather than in Canada, Starkey chose to ignore the forum-selection clause that she in effect agreed to when booking her trip. This court will not consider "any potential timeliness problems that this choice may have created." Street, Sound Around Electronics, Inc. v. M/V Royal Container, 30 F. Supp. 2d 661, 663 (S.D.N.Y. 1999); cf. New Moon Shipping Co., Ltd. v. Man B & W Diesel AG, 121 F.2d 24, 32 (2d Cir. 1997) ("[C]onsideration of a statute of limitations would create a large loophole for the party seeking to avoid enforcement of the forum-selection clause. That party could simply postpone its cause of action until the statue of limitations has run in the chosen forum and then file its action in a more convenient forum").

**Conclusion**

Accordingly, the court finds that Starkey is bound by her contract with Gap Adventures and more specifically, by the forum-selection clause included in the "Terms and Conditions." By the terms of the contract, Starkey's claim of sexual assault is "subject to Ontario and Canadian Law and the exclusive jurisdiction of the Ontario and Canadian Courts." Thus, if Starkey wishes to continue this litigation, she must re-file her lawsuit in Ontario, Canada.

The motion to dismiss is granted. This opinion resolves the motion listed as item number 10 on the docket.

SO ORDERED.

Dated: New York, New York
March 27, 2014

_____
Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/27/14